382 P.2d 557

Delores Leona Paterno VANCE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Samuel F. Griggs (Walters Restaurant), Respondents.

No. 7547.

Supreme Court of Arizona.

In Division.

June 12, 1963.

John M. Levy and Emmett R. Feighner, Phoenix, for petitioner.

C. E. Singer, Jr., Phoenix, for respondent Industrial Commission of Arizona; Donald J. Morgan, Lorin G. Shelley, Ben P. Marshall, Robert D. Steckner, Raymond E. Peterson, Phoenix, of counsel.

JENNINGS, Justice.

Petitioner Delores Leona Paterno Vance injured her lower back in a fall which occurred in the course of her employment and the Commission awarded a 15% physical functional disability. During treatment therefor petitioner underwent spinal surgery and was required to wear a back brace for nine months. Subsequently, petitioner complained of a partial paralysis of her lower left extremity. She was readmitted to the hospital and placed in traction for 37 days. Neurosurgeon H. W. Pittman was of the opinion that the paralysis was caused by nerve root irritation resulting from the injury. However, a group of four doctors, who examined petitioner in consultation, reported to the Commission that petitioner was suffering from a functional overlay in the form of conversion hysteria which precluded an evaluation of her physical status. Hearings were conducted upon petitioner's application for reopening her case, at which time the uncontradicted testimony established that the conversion hysteria manifested by petitioner was a personality reaction to the sum total of her pain, suffering, surgery and medical treatment and that she should receive psychiatric care for her condition.

 The Commission affirmed its prior award, resting its conclusion solely upon the testimony of the Commission's doctor, W. B. McGrath, that in his opinion the functional overlay was not caused by petitioner's original injury. His only explanation for the opinion was that he based it upon his brief observation of the patient and upon her clinical record.

This Court has stated repeatedly:

"what constitutes proximate cause is a legal question primarily, dependent for its answer on the facts of the particular case. In the field of medicine, opinions of doctors qualified by training and experience as to causation are competent, and in many cases controlling and binding upon the trier of facts; however, when the medical facts on which such opinions are based are clearly shown, and the medical opinion as to causation conflicts with the inescapable legal conclusion, the former must give way to the latter." Murray v. Industrial Comm'n, 87 Ariz. 190, 199, 349 P.2d 627, 633 (1960).

This rule was reiterated and clarified very recently in Tatman v. Provincial Homes, 93 Ariz. ——, 382 P.2d 573 (1963), and requires no further discussion.

 In the instant case the medical facts are clearly shown, and the medical opinion as to causation conflicts with the inescapable legal conclusion that petitioner's accidental injury was a producing cause of the conversion hysteria.

The award is set aside.

UDALL, V. C. J., and LOCKWOOD, J., concur.