408 P.2d 406

David R. SHROYER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Chicago Bridge and Iron Company, Respondents.

No. 8545.

Supreme Court of Arizona.

En Banc.

Dec. 9, 1965.

A. D. Ward, Minne & Sorenson, Phoenix, for petitioner.

Courtney L. Varner, Industrial Commission, Joseph P. Ralston, Ryley, Carlock & Ralston, Phoenix, for respondents.

McFARLAND, Justice.

In the decision in this case, 98 Ariz. 388, 405 P.2d 875, on September 29, 1965, we set aside the award of the Industrial Commission. The respondents contend in their motion for rehearing that we did not consider the effect of our prior decision in Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118, as set forth in the following quotation therefrom:

"* * * in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, on rehearing, this Court held:

"'That the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his earning capacity has increased subsequent to said findings and award.' 69 Ariz. 180, 211 P.2d 231." 95 Ariz. at 245, 389 P.2d at 122.

While not cited by respondents in their brief, we were cognizant of what we said in Adkins v. Industrial Commission, supra. However, we did not then and do not now consider it applicable to the

facts in the instant case. We again say that the commission retains jurisdiction of all compensation cases, and that awards may in the future be decreased or increased under the conditions set forth in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, and Adkins, supra. However, the question presented in the instant case is the earning capacity of the workman at the time of the hearing and whether it has been decreased by reason of the injury. The commission may not base the earning capacity solely upon what a worker is receiving in his last employment, when the same is temporary, and when the chances of obtaining such a position are less than those for the occupation which he performed at the time he received the injury.

The petitioner was a journeyman boilermaker at the time of his injury. The evidence shows that he was no longer able to perform the heavier (or "bullgang") work of such a job. He could only perform the work in the lighter classifications of a journeyman boilermaker, or welding work, which reduced his chances of employment in this line of work. The evidence also showed that he was a good foreman, but his chances for employment as a foreman are substantially less than as a journeyman boilermaker.

The evidence shows that at the time of the industrial commission rehearing the petitioner had been working on a temporary job as a foreman for five months, but that this work would be finished within a short time. After the injury and up to the time of his employment as a foreman, he held numerous positions, and had to go from one place to another, and, as set forth in our decision, his average earnings were much less than that of a journeyman boilermaker.

In Magma Copper Co. v. Industrial Commission, 96 Ariz. 341, 395 P.2d 616, in defining earning capacity of a disabled man, we said the object "is to determine as nearly as possible whether in a competitive labor market the subject in his injured condition can probably sell his services and for how much." In making such a determination the commission may not consider solely the petitioner's earnings as a foreman on this temporary job, but should consider it along with the other evidence in fixing his earning capacity.

Rehearing denied.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.