484 P.2d 658

Orval HUNT, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

American Smelting and Refining Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 475.

Court of Appeals of Arizona, Division 1, Department B.

May 13, 1971.

Rehearing Denied July 8, 1971.
See 486 P.2d 806.

Review Granted Oct. 5, 1971.

Chris T. Johnson, Phoenix, for petitioner.

Evans, Kitchel & Jenckes by Stephen W. Pogson, Phoenix, for respondent Employer.

William C. Wahl, Jr., Phoenix, counsel, for The Industrial Commission of Ariz.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

EUBANK, Judge.

The only question presented by this appeal is whether the petitioner successfully carried his burden of proof in hearings, conducted by the Hearing Officer of The Industrial Commission, based upon his petition to reopen his claim filed pursuant to A.R.S. § 23–1061. The Commission affirmed the decision of the Hearing Officer denying the petition to reopen and the petitioner is before us by virtue of our writ of certiorari.

On May 15, 1956, petitioner suffered an industrial injury. On May 20, 1959, The Industrial Commission entered its award finding that he suffered a 15% general physical functional disability and that he had suffered a loss in earning capacity entitling him to $62.21 per month. This award became final. Since that award petitioner has filed petitions to reopen on December 14, 1967, June 4, 1968, November 26, 1968 and December 11, 1968, all of which were denied. The present petition was filed on April 18, 1969, alleging:

> "Applicant has new, additional or previously undiscovered disability as the result of his industrial injury and now has a greater loss of earning capacity and request (sic) a hearing."

No statement of a physician, setting forth the physical condition of the employee relating to his claim, was attached to the petition although it is required by A.R.S. § 23–1061 and Rule 33, Commission Rules of Procedure. On the face of the petition to reopen, furnished petitioner by the Commission, is found the note, "If your request is based on a change in physical condition due to injury, you must furnish a report from a doctor licensed to practice in the State of Arizona." The reason for this lack of a statement becomes clearly apparent at the two hearings held in Phoenix on November 14, 1969 and January 9, 1970, when no medical testimony was introduced and petitioner testified that he had not seen a physician since October 17, 1968.

Under A.R.S. § 23–1044, subsec. F, as amended, and Rule 34, Commission Rules of Procedure, the petitioner was authorized to petition for a rearrangement or readjustment of compensation; while under A.R.S. § 23–1061 and Rule 33, Commission Rules of Procedure, he was entitled to petition to reopen his claim based on a new, additional or previously undiscovered disability or condition. Here petitioner chose to combine both courses of action and to base his "greater loss of earning capacity" upon the "new, additional or previously undiscovered disability as the result of his industrial injury." The bur-

den to prove all of the elements involved under both statutes was his. In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969). (See Hughes Aircraft Company v. Industrial Commission, 90 Ariz. 154, 367 P.2d 206 (1961) where the need of expert medical testimony to establish the causal relationship between a change in physical condition and a decrease in earning capacity is discussed).

In our opinion the record is clear that petitioner failed to establish the "new, additional or previously undiscovered disability" aspect of his petition. Medical testimony would be required to support such an allegation and none presented for consideration by the Hearing Officer. Returning to the petition, supra, it alleged that petitioner suffered " * * * a greater loss of earning capacity. * * *" because of the new, additional, or previously undiscovered disability. Having failed to prove the disability we hold that the petitioner failed to carry his burden of proof on this claim also. Hughes Aircraft Company, supra.

The award is affirmed.

JACOBSON, P. J., and STEVENS, J., concur.