486 P.2d 806

Orval HUNT, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

American Smelting and Refining Company,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 475.

Court of Appeals of Arizona,
Division 1,
Department B.

July 8, 1971.

Review Granted Oct. 5, 1971.

Chris T. Johnson, Phoenix, for petition-
er.

Evans, Kitchel & Jenckes, by Stephen
W. Pogson, Phoenix, for respondent em-
ployer.

William C. Wahl, Jr., Chief Counsel,
Phoenix, for The Industrial Commission.

Robert K. Park, Chief Counsel, Phoenix,
for State Compensation Fund.

EUBANK, Judge.

The petitioner filed a timely motion for
rehearing from our opinion filed on May
13, 1971, pointing up the Court's error in
citing Rules 33 and 34, Commission Rules
of Procedure. These new rules of the
Commission are made applicable to all peti-
tions to reopen filed after January 1, 1969,
by Rule 1, Rules of the Commission. The
effective date of the new rules, however, is
September 1, 1970, and Rule 1 provides
that the new rules, " *   *   * shall apply
to all hearings held after October 1, 1970."
The petition to reopen in the case at bar
was filed on April 18, 1969, with the hear-
ings held on November 14, 1969 and on
January 9, 1970, consequently Rules 33 and
34 are inapplicable. The applicable rule is
Commission Rule 64 of the old Rules.

It is the effect of this supplemental opin-
ion to strike all reference to Rules 33 and
34 from our May 13, 1971 opinion and in-
sert Rule 64 in place of each such refer-
ence.

In all other respects the opinion is af-
firmed and the motion for rehearing is de-
nied.

JACOBSON, P. J., concurs.

STEVENS, Judge (concurring in part
and dissenting in part).

I agree with that portion of supplemen-
tal opinion which relates to the rules.

Initially I agreed with the majority in affirming the award. Now I reverse myself. In my opinion the motion for rehearing should be granted, a new opinion should be written and the award should be set aside. I set forth my reasons as follows:

The matter before us is a post-1 January 1969 petition to reopen. The petition recites "[a]pplicant has new, additional or previously undiscovered disability as the result of his industrial injury *and* now has a greater loss of earning capacity and requests a hearing." (Emphasis added). The opinion states that the petitioner based his petition to reopen upon A.R.S. § 23–1061. It seems to me that this is not entirely accurate. It seems to me that we should give greater cognizance to the amended § 23–1044, subsec. F. This section is not to be confused with the old § 23–1044, subsec. F which Adkins v. Industrial Commission of Arizona, 95 Ariz. 239, 389 P.2d 118 (1964) declared to be unconstitutional. The current § 23–1044, subsec. F contains language which is identical with that set forth in the Adkins decision.

Section 23–1044, subsec. F has three alternative bases for reopening. The first alternative is a reopening upon a showing of a change in physical condition and would require a doctor's statement under § 23–1061, subsec. H. The second alternative is a showing of reduction in earning capacity where there is no change in physical condition. It seems obvious to me that the petitioner sought to reopen on either of these grounds, and that he ignored the third alternative basis. In my opinion under the second alternative in § 23–1044, subsec. F no medical evidence need be presented and I do not see the applicability of § 23–1061, subsec. H. The hearing officer at the time of the 14 November 1969 hearing stated:

"Applicant alleged in his Petition that he has a greater loss in earning capacity than that previously awarded, and that

will be the issue this morning and will be limited to that issue today, Mr. Johnson."

To this Mr. Johnson responded "[r]ight." In my opinion from reading the transcript it is clear that there has been a greater loss of earning capacity. It is interesting to note that the employer did not choose to appear at the November hearing.

Thereafter the hearing officer on his own and without specification as to his reasons advised that:

"* * * it is my conclusion there is not enough evidence upon which to enter a decision"

and he further advised that he would reset the matter.

An additional or recessed hearing was held on 9 January 1970. At that hearing the employer was represented. No medical evidence was presented. The petitioner in my opinion had made a *prima facie* showing relative to an increase in his loss of earning capacity at the November hearing. The hearing officer stated in paragraph 9 of his report:

"The evidence indicates applicant's present condition *may be* due solely to degenerative changes of the lumbar spine as found in the examination of October 17, 1968". (Emphasis added).

The hearing officer apparently referred to the report of Dr. Gregory which related to a prior petition to reopen which was not granted. The employer had every opportunity between the November hearing and the January hearing to establish that the increase in loss of earning capacity was a matter of natural progression and was not industrially related. The employer failed to do so. From reading the transcripts I find no basis for the above observation of the hearing officer.

It is my opinion that the petition to reopen may be couched in the alternative and that a failure to establish ground number one under § 23–1044, subsec. F does not preclude proof under ground number two. I do not agree that the petitioner having chosen to combine the two with a conjunc-

tive "and" rather than the alternative "or" that he is precluded from securing his relief where he proves one of the statutory grounds but fails to prove both of the statutory grounds which he alleged.