487 P.2d 23

HARTFORD ACCIDENT AND INDEMNI-
TY COMPANY and Dravo Cor-
poration, Petitioners,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Elmer E. Beck, Respondent Employee.

No. 1 CA–IC 556.

Court of Appeals of Arizona,
Division 1,
Department B.

July 19, 1971.

Mesch, Marquez & Rothschild, by Alfred C. Marquez, Tucson, for petitioners.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent Industrial Commission.

Spencer K. Johnston, Phoenix, for respondent Beck.

EUBANK, Judge.

We issued our writ of certiorari to review the lawfulness of an award of The Industrial Commission holding that the respondent-employee's industrially related back injury resulted in an unscheduled permanent partial disability with a total reduction in his earning capacity.

Petitioners, the employer and the private-carrier, concede that the evidence in the record supports the award made by the Commission, but contend that they were denied their "day in court", or due process of law, by the refusal of the hearing officer to grant them a continuance at the conclusion of the formal hearing in order for them to obtain the testimony of three doctors, subpoenaed on petitioners' behalf, who did not appear and give testimony on the day of the hearing. Petitioners' precise question on review is:

"Did the Industrial Commission abuse its discretion when it denied the petitioners' Petition for a Continuance and when it denied the petitioners' Petition for Rehearing?"

Our review of the record convinces us that the Commission did abuse its discretion in both respects and we therefore set the award aside.

The question on review arose from the following circumstances. The Commission issued an award on behalf of the respondent-employee on April 18, 1969, with a 20-day clause, which was timely protested. It then granted a formal hearing and set September 11, 1969 as the date for the hearing. The hearing was held and Doctors Christopher A. Guarino, Paul H. DeVries, George Nash and Stanley S. Tanz were subpoenaed and testified as to the extent of respondent-employee's disability and its causal connection to the industrial injury. On November 12, 1969, the Commission issued its findings and award determining that the respondent-employee suffered from a general physical functional disability resulting in a perma-

nent partial disability. The award specifically left open the question of the respondent-employee's earning capacity, which the Commission reserved for determination at a later hearing. This award was not protested and became final as to the questions concerning the industrial accident, the injury, and causation. Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P. 2d 975 (1969).

On January 19, 1970 the Commission set the hearing to determine the respondent-employee's earning capacity for April 9, 1970, by causing to be mailed to all parties a "Notice of Hearing". The "Notice of Hearing" contained a provision on its face in bold type which read:

"Subpoenas for attendance of witnesses will be provided only upon compliance with Rule 35 and where request for same is made at least SEVEN (7) days prior to hearing."

On March 25, 1970, the petitioners mailed a written request to the Commission to issue subpoenas for Doctors Nash, DeVries, Tanz, among others. The Commission file shows that for some unexplained reason the letter was delivered to the State Compensation Fund where it was received on March 27. The file shows that it was received by The Industrial Commission three days later on March 30. A handwritten note on the copy of the subpoena issued for Dr. Tanz, in the Commission file, indicates that the subpoenas were mailed to petitioner's counsel on March 31. Through some unexplained delay they had not been received by counsel for the petitioner on April 3 when he wrote the hearing officer as follows:

We have not received the Subpoenas which we discussed by telephone several days ago. I am rather concerned because of the short time left in which to subpoena the doctors. I have been waiting for the subpoenas so that I could discuss it with the doctors and try to get at least one of them to appear.

The doctors mentioned in my letter of March 25, 1970, will testify as to the physical condition of the applicant, his

limitations, if any, and the type of jobs that he is able to perform. Mr. Bykerk from the State Employment Commission will testify as to the jobs that are available in this area and the salaries paid in those jobs.

Due to the delay in issuing the subpoenas, I would appreciate it if you would consider this as a formal request for a continuance in the hearing * * *

At the April 9th hearing none of the three doctors were present to give testimony. At the end of the hearing, petitioners moved for a continuance on the basis of Commission Rule 36, which was denied by the hearing officer.

Commission Rule 36, relating to the continuance of a hearing, reads as follows:

36. Continuance of Hearing:—If, at the conclusion of a hearing held before a Commissioner or referee, either party desires a further hearing in order to introduce further evidence, such party shall state, specifically and in detail, the nature and substance of the evidence desired to be produced, the names and addresses of the witnesses, and the reasons why such party was unable to produce such evidence and such witnesses at the hearing. If it appears to the Commissioner or referee presiding at the hearing, that with the exercise of due diligence, such party could have produced such witnesses or such evidence at the hearing or that such evidence is cumulative, or immaterial, or otherwise not necessary, the Commissioner or referee may submit the case for decision and deny the request for such further hearing, or may on its own motion continue the hearing. When a hearing is concluded, the matter shall be deemed submitted, subject to the jurisdiction of the Commission to make any further or independent investigation, including medical examination, it may determine advisable in the premises.

Petitioners, as required by Commission Rule 36, described the nature and substance of the evidence desired to be produced by the three doctors as follows:

I would also like to, pursuant to Rule 36, request that a continuation of this hearing be given so that we may have a chance to introduce further evidence, the nature and substance of the evidence would be as to Mr. Beck's injuries and conclusions of the doctors that they have arrived at concerning his injuries.

They also stated that they did not receive the subpoenas, "* * * until Monday of this week and we immediately attempted to locate the doctors and serve them and found out that Dr. Nash and Dr. Tanz were out of town on vacation, and that Dr. DeVries was completely unavailable."

The hearing officer responded to the motion as follows:

Oh, in reference to your statement, Mr. Clark, [petitioners' counsel], that you did not receive the subpoenas until Monday of this week, I would direct your attention to the fact that the request for these subpoenas was not filed with the Commission until March the 27th, 1970, which is little more than a week prior to the hearing, and we know from vast experience in these matters if you don't request your medical witnesses, or subpoenas for your medical witnesses at least thirty days in advance of the hearing that it is almost impossible to get these doctors because of their heavy schedules, seeing patients and surgery and so forth.

We customarily issue the subpoenas, even though the request for same is not considered timely; however, the Commission cannot assume responsibility for their failure to appear when a request has not been made timely.

Furthermore, these doctors have testified previously. The Commission has found that Mr. Beck is no longer able to continue his occupation, or at least an occupation involving heavy manual labor.

It was pointed out by Mr. Johns[t]on, physicians are not ordinarily competent

to testify as to the work that can be performed. He can, of course, testify to his physical limitations imposed by the injury and disability.

The matter being resolved now by the Commission is what, if anything, the applicant is able to do by way of manual labor in light of his age, education, occupation history and present physical limitations, et cetera.

You might also be aware that we have an extremely heavy hearing calendar and continuances are not favored except under the most urgent circumstances, and to continue this one would involve another three to six months delay, and for all the foregoing reasons I am compelled to deny your request for a continuance.

Now, does the applicant have anything else to present at this time?

MR. JOHNSTON: No, sir. I don't have anything to request.

\* \* \* \* \* \*

THE REFEREE: Mr. Clark, did you have anything further?

MR. CLARK: No.

■ We think that the nature and purpose of the April 9, 1970 hearing is important to the disposition of this matter. The formal hearing was held on September 11, 1969. Following that hearing, the award of November 12, 1969 was issued by the Commission. Finding 12 of the award reads as follows:

12. This Commission finds that evidence in the file is insufficient to make an award to determine what effect said applicant's disability has on his earning capacity; therefore this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

The April 9, 1970 hearing was then held. It was a continuation of the formal hearing for the purpose of settling the question of the respondent-employee's earning capacity and determining the compensation due him resulting from a permanent partial disability. While at such a hearing medical testimony may not be competent without adequate foundation, (see Adkins v. Industrial Commission, 95 Ariz. 239, 243, 389 P.2d 118 (1964); Moore v. Industrial Commission, 2 Ariz.App. 143, 406 P.2d 861 (1965) ), as noted by the hearing officer, supra, it may be competent in order "\* \* \* to testify to his [respondent-employee's] physical limitations imposed by the injury and disability." Phelps Dodge Corp. Morenci Branch v. Industrial Commission, 90 Ariz. 379, 382, 368 P.2d 450 (1962).

We have reviewed the testimony of the three doctors at the September 11 hearing and we note that their testimony was primarily on the causation question. Although some passing reference was made by each regarding the effect of the injury, there was no detailed examination or cross-examination into the limitation of movement caused by the injury or the disability, as such.

Can we say that under the foregoing circumstances that the petitioner had the opportunity to fully present his case at the April 9 hearing? We think not.

First, irrespective of the hearing officer's comments, timely application for subpoenas was made. Second, due to an unexplained delay by the Commission, over one week passed before the subpoenas were delivered to the petitioner for service. Third, the need for a continuance was made known to the hearing officer by the petitioner's April 3 letter, which described the legal theory of petitioner's case, and which, combined with the motion for a continuance following the hearing, certainly complied with Commission Rule 36, supra.

■ It is our opinion that under the circumstances here the hearing officer abused his discretion in failing to make some provision for accepting the offered testimony or granting a continuance.

The award dated June 5, 1970 is set aside.

JACOBSON, P. J., and HAIRE, J., concur.