489 P.2d 63

Eleanor H. VOSSLER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Leonard F. Mincks (Mincks Miller Valley Variety), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 461.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 5, 1971.

Gorey & Ely, by Stephen S. Gorey and Sherman Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent carrier and respondent employer.

HAIRE, Judge.

The sole question raised by the petitioning employee, Eleanor Vossler, in this review of an award of the Industrial Commission concerns the propriety of the Commission's failure to award claimant compensation for a claimed disability of the left leg. This denial was based upon the Commission's finding that a preexisting arthritic condition in Mrs. Vossler's left leg was not aggravated by the industrial accident.

On September 9, 1967, Mrs. Vossler sustained an injury arising out of and in the course of her employment at Minck's Miller Valley Variety, where she worked as a saleswoman. In the accident Mrs. Vossler injured her right foot, neck and back. Initially the Commission entered an award for temporary disability. The claim was later reopened on June 27, 1968 on the basis of new and additional disability. On March 28, 1969 her condition was found to be stationary. Mrs. Vossler was then discharged from treatment and awarded medical benefits and a scheduled permanent partial disability award equal to a 10% functional loss of her right leg.

Petitioner filed timely protest of the award and a formal hearing was held. At the hearing petitioner presented evidence tending to show that the injury to her right foot had caused a greater stress to be placed upon her left foot which resulted in an aggravation of a preexisting arthritic condition in that foot.

After the hearing the referee recommended that the claim be denied concluding that there was no loss of earning capacity attributable to any problem that petitioner had with her left foot and alternatively that petitioner had failed to establish a causal relationship between the accident and the injury to her left foot. The Commission adopted the referee's recommendations and denied the claim. This petition followed.

The parties agree that an industrial accident has occurred. Further, both recognize the law to be that when a preexisting condition is aggravated by an industrial accident, any disability resulting from the aggravation is compensable. Gullick v. Industrial Commission, 94 Ariz. 237, 383 P.2d 123 (1963); Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963). The dispute between the parties concerns whether the record supports the finding of the Commission that petitioner failed to establish a causal relationship between the accident and the injury to her left foot, which is an essential element of her *prima facie* case. Aluminum Co. of America v. Industrial Commission, 61 Ariz. 520, 152 P.2d 297 (1944).

When a petitioner challenges an award of the Industrial Commission as unsupported by the record, an appellate court will sustain the award unless there is no reasonable basis in the record upon which the Commission could have reached its conclusion. In re Bedwell's Estate, 104 Ariz. 443, 454 P.2d 985 (1969). In the present case two doctors were consulted as to the condition of petitioner's left foot. Dr. Charles Lofdahl, a specialist in orthopedics, was the only doctor to testify at the hearing. When asked a specific question as to any possible causal relationship between the admittedly industrially related injury to the petitioner's right foot and the subsequent condition that arose in her left foot, Dr. Lofdahl replied:

"A Right. I wouldn't know whether it caused her any more trouble on the other foot or whether the other foot actually

**402**

caused her a great deal of trouble. I can't say."

Also in evidence was a report made by Dr. Alvin Swenson. This report contained the following statement concerning the issue of a causal relationship:

"The condition of the left foot is not the result of or related to the accident in question but an over-all picture of her lower extremities as far as the findings are concerned, and the symptoms that she has when she is on her feet, are hereby recorded."

We believe that the foregoing statements provide ample support for the Commission's award. The claimant failed to prove that her condition was the result of an aggravation, rather than the natural progression of her preexisting arthritic condition.

Award affirmed.

JACOBSON, P. J., and EUBANK, J., concur.