490 P.2d 575

Orval HUNT, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

American Smelting and Refining Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 10591-PR.

Supreme Court of Arizona, In Banc.

Nov. 10, 1971.

Chris T. Johnson, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, by Stephen W. Pogson, Phoenix, for respondent employer.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund.

CAMERON, Justice.

We granted the petition of Orval Hunt to review the decision and opinion of the Court of Appeals, Division One, which affirmed the finding and award of the Industrial Commission of Arizona denying petitioner's request to reopen. See Hunt v. Industrial Commission, 14 Ariz.App. 505, 484 P.2d 658 (1971).

We are called upon to determine whether a workman may successfully reopen his claim based only upon a change in his earning capacity, without showing any change in his physical condition.

Claimant suffered an industrial injury in 1951 and received a 15% disability award in 1959. He filed five petitions for re-

opening from 1967 to 1969, the last one resulting in the present case, in which he alleged a greater loss of earning capacity. At the hearing the referee stated the question as follows:

"Applicant alleged in his Petition that he has a greater loss in earning capacity than that previously awarded, and that will be the issue this morning and will be limited to that issue today, Mr. Johnson."

The Commission refused to reopen, contending that the claimant had failed to produce any medical evidence to sustain his contention. The Court of Appeals agreed that claimant had failed to carry his burden of proof, and held that when a petition to reopen is filed alleging both a change in physical condition and loss of earning capacity, "[t]he burden to prove all of the elements involved under both statutes" is petitioner's. 14 Ariz.App. 505, 506–507, 484 P.2d 658, 659–660 (1971). Almost two months later, the Court of Appeals filed a supplemental opinion acknowledging that it had erred in citing procedural rules of the Commission, but that in all other respects the award was the same. Hunt v. Industrial Commission, 15 Ariz.App. 126, 486 P.2d 806 (1971). In that opinion there was a dissent contending the claim should be reopened on the basis of § 23–1044, subsec. F A.R.S. We agree with the dissent. We feel that such an interpretation is far too restrictive and narrow and that a petition to reopen may be granted upon the showing of either a change of physical condition, § 23–1044, subsec. F, par. 1 A.R.S., or a reduction in earning capacity arising out of the industrial injury, § 23–1044, subsec. F, par. 2 A.R.S.

§ 23–1044, subsec. F A.R.S. reads in pertinent part:

"F. For the purposes of subsection C of this section, the commission shall, in accordance with the provisions of § 23–1047 when the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award

of compensation which shall be subject to change in the following events:

"1. Upon a showing of a change in the physical condition of the workman subsequent to such findings and award arising out of the injury resulting in the reduction or increase of his earning capacity, or

"2. Upon a showing of a reduction in the earning capacity of the workman arising out of such injury where there is no change in his physical condition, subsequent to the findings and award * * * ."

A short history of § 23–1044, subsec. F A.R.S. may be helpful. In 1925, the Seventh Legislature passed a Workmen's Compensation Act. That year the people also approved a constitutional amendment, which is presently Article 18, § 8 of the Arizona Constitution, A.R.S. It reads:

"The Legislature shall enact a Workman's Compensation Law applicable to workmen * * *.

"The percentages and amounts of compensation provided in House Bill No. 227 enacted by the Seventh Legislature of the State of Arizona, shall never be reduced * * * except by initiated or referred measure as provided by this Constitution. * * * *"

In 1949 this court interpreted the reopening powers and duties of the Commission in the following fashion:

"* * * [T]he commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his

earning capacity has increased subsequent to said findings and award." Steward v. Industrial Commission, 69 Ariz. 159, 180, 211 P.2d 217, 231 (1949).

In 1953, the legislature passed § 23–1044, subsection F A.R.S., which reads as follows:

"For the purposes of subsection C [non-scheduled injuries] of this section, the commission shall, not later than nine months from the time the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award of compensation which shall be subject to change only in the event of a subsequent change in the physical condition of the injured employee resulting from the injury and affecting his earning capacity."

This legislative act deleted the claimant's opportunities to reopen absent a deteriorating physical condition. The Supreme Court, faced with the argument that the legislature was now reducing the workman's possible claims, in violation of Article 18, § 8 of the Arizona Constitution, unanimously agreed:

" * * * [I]t reduces the amount of compensation due in all those cases where the claimant's earning capacity rather than his physical condition is the determining factor. Under the plain language of Article 18, § 8, Arizona Constitution, this is precisely what the legislature cannot do. Subsection F of A.R.S. § 23–1044 is unconstitutional and void." Adkins v. Industrial Commission, 95 Ariz. 239, 246, 389 P.2d 118, 122 (1964).

After the Adkins decision, supra, the legislature passed the amended § 23–1044, subsec. F A.R.S. which enacts, almost word for word, the Supreme Court determination in Adkins. To require any more than a prima facie showing of the relationship between the decreased earning capacity and the pre-existing injury would be contra to Adkins, supra, and to the clear legislative intent as set forth in the present § 23–1044, subsec. F, par. 2 A.R.S.

The opinions of the Court of Appeals, Division One, are vacated.

The award of the Industrial Commission is set aside.

STRUCKMEYER, C. J., HAYS, V. C. J., UDALL, and LOCKWOOD, JJ., concur.