547 P.2d 484

Barbara A. PICKETT, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

A. J. Bayless Markets, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 1348.

Court of Appeals of Arizona,
Division 1,
Department C.

March 30, 1976.

———◆———

Noel J. R. Levy, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Judge.

This appeal presents the question of whether the cost of installing a fourteen by twenty-four foot swimming pool, a heating unit for the pool, and a chain-link fence should be paid by the respondent employer as therapy expense when the employer neither authorized nor was informed in advance concerning the proposed purchase and construction.

Petitioner's back and left leg were injured in an industrial accident on September 30, 1970, while she was employed at a grocery store. She was knocked to the floor when another employee, pushing a cart of milk crates through swinging doors into the back room, ran into her. The treatment she received was extensive and included a lumbar laminectomy. She ultimately was found to have sustained a 100% general mental and physical functional disability as a result of the injury.

One form of therapy which had been recommended to petitioner was swimming exercises. She had used this type of therapy while in the hospital, and later she had swum in a friend's pool, but the automobile journey home after swimming apparently counteracted any benefits derived from this therapy. Therefore, in September, 1972, she had a swimming pool built at her home for her own use. A fence was built because of the requirements of a local zoning ordinance and a pool heater was installed in October, 1973, in order to allow her to use the pool throughout the year.

Petitioner had not considered the pool and appurtenances to be benefits which might be

compensable under the workmen's compensation laws, so she did not inform her employer before the pool was to be built. However, she did obtain an after-the-fact written prescription for the pool from her doctor in February, 1973, for tax purposes.

Upon subsequent consultation with her attorney, petitioner was advised of the possibility that all or part of the cost of the pool, etc., might be borne by her employer. At the end of December, 1973, petitioner sought to be reimbursed for these expenses. The carrier refused to pay, and, after a requested hearing, the Hearing Officer denied any benefits.

Our analysis is based on two questions: first, whether notice to the employer is a prerequisite for reimbursement, and, second, if such notice is required, whether it was given in this case.

The statute which provides the basis for the present dispute is A.R.S. § 23–1062(A):

> Promptly, *upon notice to the employer,* every injured employee shall receive medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical, and hospital benefits." [Emphasis added.]

The Hearing Officer found, and the carrier argues, that this statute demands that notice be given to the employer in order for the employee to receive benefits. Petitioner claims that the test imposed by the statute is not whether notice was given, but whether the therapy pool was "reasonably required," since the opinion in *Gullick v. Industrial Commission,* 94 Ariz. 237 at 241, 383 P.2d 123 at 126 (1963) held that "[p]rior authorization for medical treatment reasonably held necessary by competent medical practitioners is not a prerequisite to the accident benefits of the Workmen's Compensation Act."

■ However, in *Gullick* the Supreme Court clearly based its conclusion upon a construction of the predecessor to A.R.S. § 23–1062(A), and this predecessor statute was specifically amended in 1968 to include the language, ". . . upon notice to the employer . . . ." Laws 1968, 4th Spec. Sess., Ch. 6, § 51. Therefore under our present version of the law, these comments from *Gullick* no longer have applicability. We hold that, in the absence of special circumstances not present here, the statute requires that notice be given to the employer in order to obligate the employer to pay for the medical, surgical, and hospital expenses incurred by the employee.

Professor Larson, in his treatise on workmen's compensation law, remarks that statutes commonly require notice to an employer before an employee can incur compensable expenses on his own. 2 A. Larson, *Workmen's Compensation Law,* § 61.12 (1975). Of course, there are special circumstances in which such compensable medical expense can be incurred unilaterally by the employee, *e. g.,* in an emergency where the employee is unable to notify the employer. *Id.* There is no contention in this case that an emergency existed, and the facts obviously do not support such an argument. Moreover, we are not presented with a situation in which the employer has refused to provide medical treatment after a timely request.

The requirement of notice to the employer in the average case is perfectly understandable, since it gives the employer an opportunity to participate in the decision-making for which it ultimately must pay; it can investigate the reasonableness of or need for the suggested treatment and suggest alternate procedures before the treatment is a *fait accompli.*

We do not think that this result is either harsh or unreasonable under the facts of this case. Clearly, petitioner did not enter into the swimming pool construction contract in reliance upon any belief that the employer would compensate her for all or part of her expense; she was content to absorb the entire cost. In addition, there was no emergency requiring the construction of the swimming pool. Finally, the evidence

does not indicate readily that the installation of a pool in her backyard was the only means by which petitioner could have obtained relief from her pain and muscle spasms. Thus there is a substantial question as to the reasonableness of the petitioner's expenditures.

Petitioner argues that the employer did have notice, through medical documentation, of petitioner's *need* for hydrotherapy. We agree. However, this is far from saying that the employer had notice of petitioner's *intent to install* a swimming pool with the attendant appurtenances and it is this latter notice which is a necessary precondition for reimbursement to petitioner for such an extraordinary expense.

We should note that our holding is limited to the need for notice to the employer, and in this connection, we do not equate the need for prior notice to a requirement for prior approval. The fact that no notice was given to the employer is dispositive under the facts here presented. Our disposition of this matter on this basis does not require us to reach the other questions raised.

The award is affirmed.

NELSON, P. J., Department C, and HAIRE, C. J., Division 1, concur.