463 P.2d 825

**ARIZONA OSTEOPATHIC MEDICAL ASSOCIATION, a corporation, and Phoenix General Hospital, Inc., a corporation, Appellants,**

v.

**Daniel T. FRIDENA, Appellee.**

**No. 9798–PR.**

Supreme Court of Arizona.

In Banc.

Jan. 15, 1970.

Rehearing Denied Feb. 10, 1970.

Lewis, Roca, Beauchamp & Linton, by Roger W. Kaufman, Phoenix, for appellants.

Dykes, Selden, Bayham & Fike, by Alan P. Bayham, Phoenix, for appellee.

HAYS, Justice.

On October 9, 1969, the Arizona Osteopathic Medical Association and the Phoenix General Hospital, petitioners, sought review by this court of a decision of the Court of Appeals. Arizona Osteopathic Medical Assn. v. Fridena, 10 Ariz.App. 232, 457 P.2d 945 (1969). We granted the petition for review on October 28, 1969.

The case involves an appeal from the trial court's issuance of two writs of mandamus requiring the petitioners to restore to Dr. Fridena, an osteopathic physician, his membership in the petitioner medical association and his former position on the staff of the petitioner hospital. The Court of Appeals affirmed the trial court's issuance of the writs, holding that Dr. Fridena was not given proper notice of the disciplinary proceedings against him and that therefore the revocation of his membership in the medical association and the loss of his position on the hospital staff were invalid because they did not conform to the requirements of due process of law.

In December of 1969, Dr. Fridena died in Tucson, thereby making the question of restoration of his membership in the association and position on the hospital staff moot. See Arizona State Bd. of Directors for Junior Colleges v. Phoenix Union High School District of Maricopa County, 102 Ariz. 69, 424 P.2d 819 (1967). Despite the mootness of this case, however, we feel that the Court of Appeals' handling of the question of adequate notice deserves some discussion. We have previously held that an appellate court has the discretion to decide questions which have become moot. Board of Examiners of Plumbers of City of Phoenix v. Marchese, 49 Ariz. 350, 66 P.2d 1035 (1937).

Complaint and disciplinary procedures of the Arizona Osteopathic Medical Association are contained in the by-laws of that organization. Dr. Fridena who at one time was a member of the Committee on Ethics of the association, was familiar with the procedures outlined in the by-laws. The by-laws specifically provided that notice to members of pending disciplinary proceedings against them was to be transmitted by registered mail. No other form of notice was provided. The Court of Appeals held that under the circumstances of this case, notice by registered

mail, although in accordance with the association's by-laws, was inadequate to properly apprise Dr. Fridena that disciplinary proceedings had been initiated against him. We disagree.

The record indicates that Dr. Fridena himself was responsible for the fact that registered letters sent to him by the medical association were not claimed. He had instructed his employees not to accept registered mail, and when notices arrived that registered mail was waiting for him at the post office he habitually failed to pick up that mail. Dr. Fridena knew that the registered mail addressed to him was from the petitioner medical association. In addition, he was aware that the association had previously been considering disciplinary proceedings against him.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) sets forth the constitutional requirements for adequate notice in situations such as Dr. Fridena's disciplinary proceedings:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a reasonable time for those interested to make their appearance * * *. But if with due regard to the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied." 339 U.S. at 314, 70 S.Ct. at 657.

We think that the registered letters sent to Dr. Fridena were reasonably calculated, under all the circumstances, to apprise him of the proceedings against him, and we cite with approval the case of Robel v. Highline Public Schools District No. 401, King County, 65 Wash.2d 477, 398 P.2d 1 (1965),

where a school board notified one of its teachers, by registered mail, that it was considering the non-renewal of her employment contract the following year. The teacher was aware of the customary procedures for notice, yet she failed to call for her mail, even though she had received at least one "mail arrival notice." The Washington Supreme Court upheld her subsequent dismissal from employment, and held that under the circumstances notice by registered mail was adequate.

The opinion of the Court of Appeals is vacated. We remand this case to the trial court, and direct that court to enter an order quashing the writs of mandamus.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.