467 P.2d 901

**J. Fred TALLEY, State Real Estate Commissioner of the State of Arizona, Appellant,**

v.

**Jack W. GLIDEWELL, Appellee.**

**No. 9843.**

Supreme Court of Arizona,
In Banc.

April 13, 1970.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, Phoenix, for appellee.

Gary K. Nelson, Atty. Gen., by H. J. Lewkowitz, Special Asst. Atty. Gen., Phoenix, for appellant.

HAYS, Justice.

The appellant herein has appealed from a Superior Court judgment which was granted by way of summary judgment.

The appellee, Jack W. Glidewell, was a duly licensed real estate broker in the State of Arizona until December 31, 1967. He was an officer and director of a concern called Arizona Land Corporation or Alco Industries, Inc. until June of 1967. That company became involved in certain difficulties, and as a result of numerous complaints filed with the State Real Estate Department, the Real Estate Commissioner, Mr. J. Fred Talley, caused charges to be filed against Glidewell and others on January 26, 1968. An attempt was made to serve Glidewell by registered mail as provided by statute. A.R.S. § 32–2157. The letter was returned marked "unclaimed."

The hearing on the charges was set for February 28, 1968, and on the morning of that date a pleading was filed on behalf of Glidewell objecting to the jurisdiction of the Real Estate Commissioner, and moving to dismiss. The objections were overruled and the motion denied, and the hearing proceeded without either Glidewell or his attorney being present. Thereafter, Glidewell sought relief from the order of the Real Estate Commissioner by appealing to the Superior Court under the Administrative Procedure Act.

The first issue we must consider is the question of whether or not the appellee, Glidewell, received proper notice of hearing. Since we here hold that there was not proper notice of the hearing, the necessity of considering other issues raised by the parties is obviated. We recently held in Arizona Osteopathic Medical Association v. Fridena, 105 Ariz. 291, 463 P.2d 825 (1970), that notice to a member of the association of disciplinary proceedings sent by registered mail pursuant to the by-laws of the association was adequate.

However, in this case, although the statute, A.R.S. § 32–2157 authorizes registered mail service on the last known address in a case "suspending, revoking or denying the

renewal of any license * '* *," this statute is silent as to the notice required for a hearing to deny the "right of renewal of a license." The explanation for the lack of this item in the notice provision may well be the fact that the notice provision was enacted in 1960 and the above mentioned phrase was added by an amendment in 1964. We cannot presume this however. The appellee's broker's license had lapsed December 31, 1967, and thereafter he had no obligation to keep the Real Estate Department informed as to his current address. The Legislature could well have considered this factor as one destroying effectiveness of service by registered mail. Since we cannot say that the registered mail method of service was reasonably calculated, under all circumstances, to apprise appellee of the charges against him the service herein was not adequate. See Arizona Osteopathic Medical Assoc. v. Fridena, supra.

Following is the judgment of the trial court:

"This matter having duly come on for hearing, and it appearing that the defendant J. Fred Talley was without jurisdiction, due to prior lack of proper service, to proceed with the hearing as scheduled.

IT IS ORDERED, ADJUDGED AND DECREED that the order of the defendant denying to Jack W. Glidewell the right of renewal of his real estate license is herewith declared null, void, and of no effect; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff has full right of renewal of such license."

It appears that the final paragraph of said judgment goes beyond the purview of the issues as indicated by the court's finding. We do not consider it appropriate under the present record to order "that the plaintiff has full right of renewal of such license." We hold that the notice, the hearing, and the order of the Real Estate Commissioner are all a nullity. The parties are placed in the same status as though the original charges had never been brought.

The judgment is amended by deletion of the final paragraph. In all other respects the trial court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.