485 P.2d 844

**MEVA CORPORATION, Petitioner Employer,**

**Argonaut Insurance Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**James C. Jonas, Respondent Employer.**

**No. I CA–IC 516.**

Court of Appeals of Arizona, Division 1, Department A.

June 10, 1971.

Rehearing Denied July 26, 1971.

Review Denied Oct. 5, 1971.

Robertson & Fickett, Tucson, by Leonard Everett and J. Michael Moeller, Phoenix, for petitioner employer and petitioner carrier.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for respondent employee.

STEVENS, Presiding Judge.

On 9 July 1965 James C. Jonas was injured in an industrial accident. He was then 45 years of age. The industrial claim was promptly processed. In May 1967 there was an award pending the determination of the loss of earning capacity. In early 1969 The Industrial Commission entered an award which established that the Jonas injuries resulted in an unscheduled permanent partial disability and established a $409.69 monthly loss of earning capacity. The last-mentioned award provided for medical benefits to a fixed date. The award became final. After the award was entered Jonas moved to Benson, North Carolina.

Shortly thereafter the carrier commenced its efforts to have Jonas submit to the Division of Vocational Rehabilitation of the North Carolina Department of Public Instruction. Appointments were made which Jonas did not keep.

On 18 March 1970 the carrier filed a petition · with The Industrial Commission seeking "an order relative to the refusal of the Applicant James C. Jonas to return to Arizona and submit to a rehabilitation evaluation." The petition pointed out that at the time the carrier contacted Jonas in North Carolina in September 1969 "Mr. Jonas complained of further physical problems and agreed to come back to Arizona for further physical treatment, as well as vocational re-evaluation for rehabilitation." In the petition it was pointed out that "arrangements were made to fly Mr. Jonas at your petitioner's expense to Phoenix and for him to enter Good Samaritan Hospital under the care of Dr. John Young on December 8, 1969. Arrangements were also made for Mr. Jonas to be evaluated while at the hospital for vocational rehabilitation." In the petition it was asserted that "Medical reports in the file indicate that Mr. Jonas could be successfully retrained." There were letters attached to the petition

as exhibits but no medical reports were attached thereto. The petition concluded:

"WHEREFORE, your petitioner prays that the Applicant James C. Jonas be ordered to return to Phoenix at his own expense for vocational re-evaluation and then make honest attempts to comply with the evaluation which is made, and if the order is not complied with, that the award previously made to the Applicant be amended to suspend any further payments until compliance with the order."

One of the letters attached to the petition was a letter from the carrier to Attorney Gorey wherein it was stated that the claimant "has indicated that he is again having trouble with his back as well as his leg." The letter made reference to Dr. Young as follows:

"I have in mind that if we do return him to the Phoenix area that we would arrange for him to be hospitalized at the Good Samaritan Hospital where he could be examined by Dr. John Young, who is probably one of the foremost physiatrist (sic) in the country. We believe that by doing this we can answer all of the questions pertaining to surgery, and help Mr. Jonas in any way we can towards the Rehabilitation Program."

Blakiston's New Gould Medical Dictionary, 2nd Ed., defines a physiatrist as follows:

"A physician specializing in physical medicine." (p. 911)

and defines physical medicine as follows:

"A consultative, diagnostic, and therapeutic service coordinating and integrating the employment of physical and occupational therapy, and physical reconditioning on the professional management of the diseased and injured." (p. 706)

It appears that the main thrust of the carrier's request was an attempt to require Jonas to return to Arizona for testing relative to possible vocational rehabilitation.

The proceeding instituted by the carrier by the aforesaid petition was a proceeding

pursuant to the Workmen's Compensation Act, as amended, effective 1 January 1969. A.R.S. § 23–1270.

On 14 April 1970 the Commission ruled as follows:

## "ORDER

"IT IS ORDERED that the Respondent Carrier's Petition filed March 18, 1970, is denied on the grounds that there is no authority for such Petition."

Thereafter the carrier filed a petition and a request for hearing, again seeking an order requiring Jonas to return to Arizona. On 3 July 1970 the Commission took the following action.

"This Commission having reconsidered the file and all reports now issues Order Denying Petition for Rehearing as follows:

## FINDINGS

1. That the Commission lacks jurisdiction in the premises to grant the relief prayed for in the Petition filed on May 1, 1970.

## AWARD

IT IS ORDERED that the Request for Hearing be, and the same is hereby denied."

The foregoing actions which were taken by The Industrial Commission are now before this Court for review.

## THIS COURT'S JURISDICTION

As heretofore stated these proceedings are reviewed under the Workmen's Compensation Act, as amended, effective 1 January 1969. All of the references in this opinion to the Arizona Revised Statutes will be to the statutes which were in effect on and after 1 January 1969 unless otherwise specified. Earlier statutes will be identified as "pre-1969."

At the oral argument before this Court Jonas urged a lack of jurisdiction in the Court of Appeals. Jonas urged that the 1970 actions by The Industrial Commission were "orders" and were therefore reviewable only pursuant to A.R.S. § 23–948 by a review in the Superior Court and that the Commission actions above-referred to were not "awards" reviewable by this Court by certiorari pursuant to A.R.S. § 23–951. We do not agree.

An "order" reviewable pursuant to A.R.S. § 23–948 was defined in A.R.S. § 23–901(7) [pre-1969] as follows:

"7. 'Order' means and includes any rule, regulation, direction, requirement, standard, determination or decision of the commission."

And these orders are now defined in A.R.S. § 23–901(8) as follows:

"8. 'Order' means and includes any rule, regulation, direction, requirement, standard, determination or decision other than an award or a directive by the commission or a hearing officer relative to any entitlement to compensation benefits, or to the amount thereof, and any procedural ruling relative to the processing or adjudicating of a compensation matter."

We find no difference in the definition as amended, merely an enlargement and a clarification thereof.

The pre-1969 definition of an "award" is found in A.R.S. § 23–901(1) and is as follows:

"1. 'Award' means the finding or decision of the commission of the amount of compensation or benefit due an injured employee or the dependents of a deceased employee."

The current definition is as follows:

"1. 'Award' means the finding or decision of a hearing officer or the commission as to the amount of compensation or benefit due an injured employee or the dependents of a deceased employee."

The enlargement to include action taken by hearing officers was required due to the fact that after 1 January 1969 the hearing officers had greater authority than the pre-1969 referees possessed. The substance is the same.

■ The Arizona Supreme Court in Russell v. Industrial Commission of Arizona, 104 Ariz. 548, 456 P.2d 918 (1969), and in Talley v. Industrial Commission of Arizona, 105 Ariz. 162, 461 P.2d 83 (1969), made it clear that there is no magic in the word "award." Any formal written document in a matter adjudicating the right of a workman which document was executed by the Commissioners of The Arizona Industrial Commission or which complies with the requirements of Benites v. Industrial Commission Of Arizona, 105 Ariz. 517, 467 P.2d 911 (1970), whether entitled a "Commission action," an "order," or an "award," and which contains a direct determination of some issue in relation to the claim of a particular injured workman is an award.

■ We hold that the 1970 actions of the Industrial Commission hereinbefore recited were "awards" and that this Court has jurisdiction pursuant to A.R.S. § 23–951.

## A REOPENING PROCEEDING

The matters before us are the attempt by the carrier to reopen the 1969 award which was entered in favor of Jonas and which became final. The pre-1969 A.R.S. § 23–1044(F) was declared unconstitutional by our Supreme Court in Adkins v. Industrial Commission Of Arizona, 95 Ariz. 239, 389 P.2d 118 (1964), and one must not be confused by reference to the current A.R.S. § 23–1044(F). In *Adkins* our Supreme Court stated:

"* * * in 1949 in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, on rehearing, this Court held:

'That the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said injury resulting in the reduction or increase of his earning capacity; (b)

upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his earning capacity has increased subsequent to said findings and award.' 69 Ariz. 180, 211 P.2d 231." 95 Ariz. at 245, 246, 389 P.2d at 122.

The three criteria for reopening "at the instance of either the workman, the insurer or the employer" are now statutory law and are found verbatim in the current A.R.S. § 23–1044(F).

■ The carrier urges that A.R.S. § 23–1071 prohibited Jonas from leaving Arizona without the written permission of the Commission at the risk of the forfeiture of his right to compensation. We do not agree. The 1969 awards fixed a terminal date for Jonas' right to further medical treatment as an incident to the industrial accident, a day which has long since expired. The above section, by express language, applies only to the injured workman's departure from this State or the locality "in which he is receiving treatment while the necessity of having medical treatment continues." We do not find the situation contemplated by the statute in the instant case.

■ The main contention of the carrier rests upon A.R.S. § 23–1026 which we quote in part:

"A. An employee who may be entitled to compensation under (the Workmen's Compensation Act) shall submit himself for medical examination from time to time at a place reasonably convenient for the employee, if and when requested by the commission, the state compensation fund, his employer or the insurance carrier.

"B. The request for the medical examination shall fix a time and place having regard to the convenience of the employee, his physical condition and ability to attend. The employee may have a

physician present at the examination if procured and paid for by himself.

"C. If the employee refuses to submit to the medical examination or obstructs the examination, his right to compensation shall be suspended until the examination has been made, and no compensation shall be payable during or for such period. * * *."

This section does not grant an unfettered right on the part of the carrier to demand that The Industrial Commission order an injured workman to appear in Arizona for follow-up physical examinations. There must be a reasonable showing made as the condition precedent to securing such an order and it must be for the purposes outlined in A.R.S. § 23–1044(F).

In the matter now before us the carrier seeks vocational rehabilitation. The carrier has not brought itself within the requirements of A.R.S. § 23–1044(F).

The carrier urges that it is unrealistic to require that it secure a medical examination in North Carolina as a condition precedent to filing a petition in Arizona because of the difficulty of the presentation of that medical evidence in hearings before The Industrial Commission in Arizona. We are not called upon to express an opinion as to this contention since the carrier has not brought itself within the controlling statutes.

### JURISDICTION OF THE COMMISSION

In the Commission action of 14 April 1970 it is recited that the carrier's petition was denied "on the grounds that there is no authority for such petition." We agree. The Commission action of 3 July 1970 recited in its finding "that the Commission lacks jurisdiction in the premises to grant the relief prayed for in the petition." Again we agree. We do not deem these actions by the Commission to be a holding by the Commission that it was completely without jurisdiction to entertain and grant a carrier's post-award petition on a proper showing. We agree that the

showing made was inadequate to invoke the jurisdiction and power of the Commission to reopen.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.