587 P.2d 266

**Arthur ORNELAS, Plaintiff-Appellant,**

v.

**SCOA INDUSTRIES, INC., d b a Shoe Corporations of America and Gallenkamp Shoes, Defendant-Appellee.**

**No. 2 CA–Civ 2973.**

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Russo, Cox, Dickerson & Cartin, P. C., by J. Patrick Butler, Tucson, for plaintiff-appellant.

Holesapple, Conner, Jones & Johnson by Glenn A. Brockman, Tucson, for defendant-appellee.

OPINION

RICHMOND, Chief Judge.

This appeal presents the following question: is the timely filing of a charge with the Arizona Civil Rights Division a jurisdictional prerequisite to a suit based on employment discrimination? The lower court ruled that it was and granted appellee's motion to dismiss appellant's claim for relief under the Arizona Civil Rights Act. A.R.S. § 1401, et seq. We agree with the trial court and affirm.

Subsection A of A.R.S. § 41–1481 provides in pertinent part:

A charge under this section *shall* be filed within one hundred and eighty days after the alleged unlawful employment practice occurred. A charge shall be deemed to have been filed upon receipt by the division from or on behalf of a person claiming to be aggrieved or, if filed by a member of the division, when executed by such member upon oath or affirmation. A charge shall be deemed to have been filed by or on behalf of a person claiming to be aggrieved if received from the United States equal employment opportunity commission. A charge shall be in writing upon oath or affirmation and shall contain such information, . . . and be in such form as the division requires. · . . . (Emphasis supplied).

It is undisputed that appellant's charge was not received by the civil rights division within 180 days after the alleged unlawful employment practice occurred. Appellant contends that the time requirement for filing is not jurisdictional but has cited no authority for his position. All the authority considering the Federal Civil Rights Act of

**548**

1964, containing identical language, is to the contrary, holding that timely filing is a mandatory prerequisite to subsequent maintenance of such a claim in court.[1] Annotation 4 A.L.R.Fed. 833 § 8(a); *Hoover v. Opportunities Industrialization Center of the Roanoke Valley, Inc.*, 348 F.Supp. 657 (W.D.Va.1972); *Lamont v. Forman Brothers, Inc.*, 410 F.Supp. 912 (D.D.C.1976); *Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976); *Electrical Workers v. Robbins and Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *United Airlines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).[2]

■ The requirement that the employment discrimination complainant first file a charge with the civil rights division has the two-fold purpose of notice to the charged party and of bringing the charged party before the division in an attempt to secure voluntary compliance with the Civil Rights Act. *See Stevenson v. International Paper Co.*, 432 F.Supp. 390 (W.D.La.1977).

■ We agree with appellant that courts are liberal as to the contents and format of the charge. *White v. Motor Wheel Corp.*, 64 Mich.App. 225, 236 N.W.2d 709 (1975); 15 Am.Jur.2d Civil Rights § 310. Nevertheless, although technical defects may not be fatal, a non-timely complaint is. *White v. Motor Wheel Corp.*, supra. Appellant attempted to show by affidavit that he mailed his complaint within the time requirement of A.R.S. § 41–1481(A). The plain, unambiguous wording of the statute reflects that mailing within the prescribed time is insufficient—actual receipt and not constructive receipt is required. The trial court properly dismissed appellant's civil rights claim for lack of jurisdiction.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

1. The judgment also dismisses appellant's claim under the federal act but on appeal he has attacked only that portion dealing with the Arizona act.

2. A contrary result was reached in *Aros v. McDonnell Douglas Corp.*, 348 F.Supp. 661 (C.D.Cal.1972); *E.E.O.C. v. Nicholson File*

*Company*, 408 F.Supp. 229 (D.Conn.1976); and *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). These cases, however, were decided prior to the decisions of the United States Supreme Court in *Electrical Workers*, supra, and *United Airlines, Inc.*, supra.