659 P.2d 30

**Mary MICELI, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Catholic Community Services, Respondent Employer,**

**Pacific Employers Insurance Company, Respondent Carrier.**

**No. 16251–SA.**

Supreme Court of Arizona, En Banc.

Jan. 12, 1983.
Rehearing Denied March 1, 1983.

Dee-Dee Samet, Tucson, for petitioner.

Moore & Long by Joseph L. Moore, Phoenix, for respondents Catholic Community Services and Pacific Employers Ins. Co.

Tretschok, McNamara & Clymer by Brian I. Clymer, Tucson, Robert K. Park, Chief Counsel, State Compensation Fund by John R. Greer, Asst. Chief Counsel, Phoenix, amici curiae.

FELDMAN, Justice.

Petitioner brings this statutory special action procedure, alleging that the respondent Commission abused its discretion in ordering her to travel from her home in Tucson for a medical examination in Phoenix. The relief sought was an order requiring the Commission and its administrative law judge to grant petitioner's Motion for Protective Order and an interlocutory stay of further proceedings before the Commission pending determination of the propriety of the order for examination. Our jurisdiction is based on Ariz. Const. art. 6, § 5, and authority to grant such relief is conferred by A.R.S. § 23–948.[1]

■ Finding that the Commission abused its discretion in making the order in question and there being no remedy by appeal, we concluded that this was a "proper case" for issuance of the order sought by petitioner. A.R.S. § 23–948. We therefore accepted jurisdiction.

■ While mandamus may be used to compel an officer, board or commission to take action even though such action is discretionary, it cannot be used to require that such discretion be exercised in a particular manner. *Arizona State Highway Commission v. Superior Court of Maricopa County,* 81 Ariz. 74, 77, 299 P.2d 783, 785 (1956). "This rule, however, is qualified by the provision that if it clearly appears that an officer has acted arbitrarily and unjustly and in the abuse of discretion, the action may still be brought." *Id.; Brown v. City of Phoenix,* 77 Ariz. 368, 372, 272 P.2d 358, 361 (1954); *Collins v. Krucker,* 56 Ariz. 6, 13, 104 P.2d 176, 179 (1940).

■ After we accepted jurisdiction, the medical examination which had been set was cancelled by respondents, who thereafter moved for dismissal of the statutory special action on the ground of mootness. This court will ordinarily not entertain or decide issues which have become moot. *Weber v. Board of Supervisors of Pima County,* 133 Ariz. 533, 652 P.2d 1380 (1982). It is, however, within an appellate court's discretion to decide questions which have become moot. *Arizona Osteopathic Medical Association v. Fridena,* 105 Ariz. 291, 292, 463 P.2d 825, 826 (1970); *Board of Examiners of Plumbers v. Marchese,* 49 Ariz. 350, 352–53, 66 P.2d 1035, 1037 (1937).

■ We believe review in this case is appropriate for several reasons. The issue presented to this court is one of general interest and importance to the workers' compensation bar and involves a question of statutory construction. It is an issue of the type likely to reoccur. Furthermore, the issue was adequately briefed and argued by counsel and the amici prior to becoming moot. We therefore denied respondents' motion to dismiss,[2] but vacated the order

---

1. A.R.S. § 23–948 permits review and stay of interlocutory orders of the Commission by writ of mandamus in "proper cases." Rule 1(b), Rules of Procedure for Special Actions, provides that where mandamus is expressly authorized by statute, the proceedings shall henceforward be known as "a statutory special action, as distinguished from those applications for writs of certiorari, mandamus or prohibition, originating under A.R.S. §§ 12–2001, 12–2029 or the common law which are special actions."

In "special actions" the questions which may be raised are set forth in Rule 3, Rules of Procedure for Special Actions. In a statutory special action, however, the questions "considered" are not determined by Rule 3, but, rather, by the statute which expressly authorized the writ. Rule 1(b), Rules of Procedure for Special Actions.

2. See Note, *Mootness Doctrine in the State Court,* 13 Ariz.L.Rev. 464 (1971) for discussion. Generally the United States Supreme Court will not decline adjudication when a party moots an

staying further proceedings before the Commission.

Petitioner was injured in an industrial accident while employed by respondent Catholic Community Services. Respondent Pacific Insurance Company is the compensation carrier for the employer. The injury occurred in Tucson, where petitioner lives and works. The claim was filed and accepted for benefits. By notice of claim status, the carrier thereafter terminated benefits and petitioner filed a request for hearing which was ultimately set for November 12, 1982. On September 27, the carrier set a psychiatric examination for petitioner by a Dr. Gray in Phoenix. This would have required petitioner to make a round-trip of approximately 250 miles. Petitioner filed a timely motion for protective order. Petitioner had no objection to examination, but claimed that the requirement that she be examined in Phoenix rather than in Tucson was inconvenient and unreasonable. The carrier opposed the motion for protective order, and on October 19, 1982, the administrative law judge entered an order denying the motion for protective order, but requiring the carrier to pay petitioner's travel expenses. Petitioner then filed this special action proceeding, claiming that the Commission, through its administrative law judge, abused its discretion, acted in excess of its authority and violated the provisions of the applicable statute. That statute reads as follows:

> An employee ... shall submit himself for medical examination from time to time *at a place reasonably convenient for the employee,* if and when requested by the commission, state compensation fund, his employer or the insurance carrier.

A.R.S. § 23–1026(A) (emphasis supplied).

■ Petitioner claims that the setting of the psychiatric examination in Phoenix is not "reasonably convenient." Notwithstanding the ordered payment of travel expenses, petitioner points out the inconvenience of traveling, the possible cost of food

and lodging, the loss of pay, plus subsequent inconvenience and expense involved in taking depositions or testimony from the examining physician.[3] Acknowledging that there could be many reasons which would support a finding by the Commission that it was reasonable to require an employee to travel from his or her residence in order to be examined, petitioner points out that no reason for the out-of-city examination was advanced in this case, and asks us to take notice, as we do, that the City of Tucson has an ample supply of psychiatric specialists.

Respondents direct our attention to Rule 16 of the Rules of Procedure of the Industrial Commission, Administrative Rules and Regulations, R4–13–116, which provides that when an employee is directed to report for examination in a locality other than his place of residence or employment, "he shall be entitled to reimbursement for his transportation expenses, from such place of residence or employment and for his living expenses, if any, incurred by reason of such direction." Arguing that the administrative law judge here provided for payment of transportation expenses and that the carrier had agreed to reimburse petitioner for any living expenses incurred, respondents contend that the administrative law judge acted reasonably in ordering petitioner to Phoenix. We agree, but think the argument is irrelevant. The statute does not provide for examination of an employee at any place reasonably chosen by the Commission, the carrier or the employer. It provides neither for examination at the mutual convenience of the parties, nor for examination on reasonable conditions at a place selected by the employer. It provides only that the place of examination shall be one which is "reasonably convenient *for the employee.*" A.R.S. § 23–1026(A) (emphasis supplied).

■ Obviously, the statute limits the Commission by depriving it of unrestrained discretion with regard to the place of exam-

---

issue in order to prevent a decision on the merits. *Id.* at 467.

3. We were informed at oral argument that testimony from a physician is usually taken in the city where he or she resides.

ination. It must be one which is reasonably convenient to the employee. Our courts have held that a reasonable showing of cause must be made before an order could be entered forcing an injured worker who had left the state to return to Arizona for examination. *Meva Corporation v. Industrial Commission,* 15 Ariz.App. 20, 25, 485 P.2d 844, 849 (1971). While the requirement of good cause in *Meva* went to the issue of modifying benefits, rather than the place of examination, the court in making its ruling recognized that A.R.S. § 23–1026 "does not grant an unfettered right on the part of the carrier to demand that the Industrial Commission order an injured worker to appear in Arizona for follow-up physical examinations." *Id.* We believe that the same principle is applicable to requiring an injured worker to leave his or her residence and travel to a different locality for medical examination; there must be a reasonable showing of cause.

Respondents argue that there are many situations in which it is appropriate to require a worker to travel to a different city for examination. We agree. There are many localities where it is not possible to arrange examination by a physician of the appropriate specialty or discipline or where it may be difficult to obtain an uninvolved physician. In other cases it may be appropriate to arrange for examination by a physician with particular qualifications or experience, so that requiring the employee to submit to examination in another locality may be reasonable. Many other examples could be given. However, none of these reasons, nor any other was advanced in the case at bench. We hold that where there is no arguable reason for requiring the employee to submit to examination in a locality other than his or her place of residence, the imposition of such a requirement is one which calls for examination "at a place" which is not "reasonably convenient for the employee" and is improper even where the costs of travel are paid by the Commission,

the carrier or the employer. The wording of the statute leads to the conclusion that when a satisfactory[4] examination can be made easily without an extended journey, an employee should not be compelled to submit to an examination by some specialist located at a distance. *See Abshire v. Hartford Accident & Indemnity Co.,* 179 So.2d 508, 512 (La.App.1965) (construing Louisiana workers' compensation statute which provides examinations should be at "reasonable hours and places").

We believe the record supports the conclusion that the administrative law judge acted arbitrarily and unjustly in ordering petitioner to travel to Phoenix. Respondents presented no reason for an examination in Phoenix and the administrative law judge made no finding with regard to any such reason. There having been no facts presented to show that an examination away from petitioner's residence was "reasonably convenient," there was no basis for the administrative law judge's order and the statute required, therefore, examination in the city of petitioner's residence. The Commission had a legal duty to grant the Motion for Protective Order. Its failure to do so was legal error, and makes this a "proper case" for relief under A.R.S. § 23–948.

The relief requested in the petition is granted, and the case is remanded.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

---

4. Of course, respondents may claim that the only examination that is "satisfactory" to them is one by a particular physician who for one reason or another is cooperative or gives convincing testimony, etc. Whatever validity such an argument might have is impaired by the statute requiring the examination to be reasonably convenient to the *employee.*