786 P.2d 1074

**S. Shine DAWSON, a single woman, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Norman D. Hall, Jr., a judge thereof, Respondents,**

**MARICOPA COUNTY, a political subdivision of the State of Arizona, Heinz H. Karnitschnig, M.D., Chief Medical Examiner of Maricopa County, and Mariah Karnitschnig, husband and wife, Robert Edwards, a single man, Abel Valentino and Blanca Valentino, husband and wife, Thomas Freestone, Supervisor and Chairman of the Board of Supervisors of Maricopa County, Real Parties in Interest.**

**No. 1 CA–SA 88–280.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 8, 1990.

Edwin B. McLean, Phoenix, for petitioner.

Maricopa County Attorney's Office by Lyle R. Huffman, Deputy County Atty., O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Marshall W. Anstandig and Diane M. Dear, Phoenix, for respondent real parties in interest.

Robert K. Corbin, Atty. Gen. by Anthony B. Ching, Sol. Gen., Phillip A. Austin, Chief Counsel, Civ. Rights Div., Joan Dover Wen-

del and Heather A. Sigworth, Asst. Attys. Gen., Phoenix, amicus curiae.

GRANT, Chief Judge.

This is a special action from the trial court's order dismissing petitioner's complaint for failure to comply with the Arizona Civil Rights Act, A.R.S. § 41–1401 *et seq.* We accept jurisdiction and grant relief.

The issue presented is whether a private litigant in a civil rights action under A.R.S. § 41–1401 *et seq.*, may seek a preliminary injunction from the superior court before receiving a right-to-sue letter from the Arizona Civil Rights Division. Respondent argues that A.R.S. § 41–1481(E) provides that only the Arizona Civil Rights Division may bring an action for a preliminary injunction.

## MOOTNESS

■ The issue is moot in the instant case because the petitioner has received a right-to-sue letter from the division. The court has subject matter jurisdiction to hear petitioner's request once she has received the right-to-sue letter. *Ornelas v. SCOA Indus., Inc.*, 120 Ariz. 547, 587 P.2d 266 (App. 1978). While we ordinarily do not accept jurisdiction of issues which have become moot, it is within the appellate court's discretion to decide such questions. *Miceli v. Industrial Comm'n*, 135 Ariz. 71, 659 P.2d 30 (1983). The issue presented here is of importance to the employment law bar; it involves a question of statutory construction, and it is an issue likely to recur. For these reasons, review of this case on special action is appropriate.

## FACTS

S. Shine Dawson worked as a mortuary attendant for the Maricopa County Medical Examiner's office. She alleges that from the time she began working in the medical examiner's office in November 1985, she was subjected to sexual harassment in the

form of verbal abuse from male employees of the office. She alleges that she was assaulted and manacled by her supervisor and a co-worker in March, 1988. Shortly thereafter, Dawson filed sexual harassment charges with her employer, Maricopa County, the Equal Employment Opportunity Commission and the Arizona Civil Rights Division. She also filed criminal charges with the Phoenix Police Department. After filing the charges, Dawson alleges that she was subjected to retaliatory harassment by her supervisor. She was terminated on August 13, 1988.

Dawson attempted to appeal her termination through the Maricopa County Merit System, but the county rejected her appeal as untimely. Counsel for petitioner then began a lengthy appeal of the county's decision.[1] In the interim, on October 4, 1988, and prior to receiving her right-to-sue letter from the Civil Rights Division, Dawson filed a complaint in Maricopa County Superior Court requesting preliminary injunctive relief in the form of reinstatement of her employment and protection from further retaliation. Maricopa County filed a motion to dismiss. It argued that the superior court was without subject matter jurisdiction due to the absence of the right-to-sue letter. On December 13, 1988, the court dismissed petitioner's complaint on that basis. This petition for special action was filed on December 27, 1988. On August 7, 1989, petitioner filed with this court a pleading titled "Notice of Mootness in Related Action Below" in which she stated that in Maricopa County Action CV 88–33326 she had abandoned her prayer for preliminary injunction but continues to urge this court to fully determine the matters presented by petitioner's special action insofar as the issue of pre-right-to-sue termination is capable of repetition yet evades review and involves collateral consequences.

## DISCUSSION

In enacting the Civil Rights Act, A.R.S. § 14–1401 *et seq.*, the Arizona Legislature

---

1. The county has since permitted Dawson to pursue her appeal through the merit system. It acknowledged that the error which resulted in the untimely filing of the appeal was not committed by Dawson, but rather by the U.S. Postal Service.

intended to accomplish the same objectives on the state level as those on the federal level. *Civil Rights Div. v. Superior Court,* 146 Ariz. 419, 706 P.2d 745 (App. 1985). We will therefore look to federal cases to determine whether a civil rights claimant may request preliminary injunctive relief before receiving a right-to-sue letter from the Arizona Civil Rights Division. A.R.S. § 14–1481(E).

█ Because case law in the area of equal employment opportunity is sparse in Arizona, and because the Arizona statutory scheme is modeled after and generally identical to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.,* federal court construction of Title VII is persuasive in construing Arizona's civil rights law. *Arizona Civil Rights Div. v. Olson,* 132 Ariz. 20, 24 n. 2, 643 P.2d 723, 727 (App.1982).

The availability of injunctive relief to the civil rights claimant prior to issuance of an Equal Employment Opportunity Commission (EEOC) right-to-sue letter has been established at the federal level. *Holt v. Continental Group, Inc.,* 708 F.2d 87 (2d Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984); *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877 (2d Cir.1982); *McNail v. Amalgamated Meat Cutters,* 549 F.2d 538 (8th Cir.1977); *Equal Employment Opportunity Comm'n v. Pacific Press Publishing Ass'n,* 535 F.2d 1182 (9th Cir.1976); *Berg v. Richmond Unified School Dist.,* 528 F.2d 1208 (9th Cir.1975), *vacated on other grounds,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977); *Drew v. Liberty Mutual Ins. Co.,* 480 F.2d 69 (5th Cir.1973), *cert. denied,* 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974).

In *Sheehan,* the Second Circuit held that the issuance of a right-to-sue letter was not a jurisdictional prerequisite for a court granting preliminary injunctive relief to an EEOC claimant. The court of appeals said, in reversing the district court's dismissal of Sheehan's request, that the trial court was entitled to use its "inherent equity power" to award temporary injunctive relief prior to the EEOC's issuance of a right-to-sue letter. The court held that the request for preliminary injunctive relief may be made by either the EEOC or the private claimant, and that the right of a private claimant to obtain such relief was consistent with the purpose of the civil rights act.

> [The] legislative history [is] silent as to the right of a private suitor to obtain preliminary injunctive relief. Nevertheless, two pertinent facts stand out. One is that the overall purpose of the 1972 amendments was to expand, not to contract, the avenues of enforcement of Title VII. . . . The other is that the private right of action itself was preserved intact.

*Sheehan,* 676 F.2d at 883 (citations omitted).

The *Sheehan* court held that the legislative silence does not deprive the court of authority to use traditional powers to uphold the purposes of the legislation in appropriate circumstances.

> In general, if the court eventually will have jurisdiction of the substantive claim and an administrative tribunal has preliminary jurisdiction, the court has incidental equity jurisdiction to grant temporary relief to preserve the status quo pending the ripening of the claim for judicial action on its merits.

*Id.* at 884.

The Ninth Circuit Court of Appeals has also determined that a private claimant may request preliminary injunctive relief. In *Berg,* the court held that the district court had subject matter jurisdiction to hear the preliminary injunctive request brought by the Title VII claimant prior to a receipt of the right-to-sue letter. Citing *Drew* and *Culpepper v. Reynolds Metal Co.,* 421 F.2d 888 (5th Cir.1970), the *Berg* court said that a Title VII claimant may personally bring suit to maintain the status quo pending disposition of the underlying charge in cases where there is a high probability of success on the merits of the underlying charge and a threat of irreparable injury of the sort which Title VII seeks to avoid. *Berg,* 528 F.2d at 1211.

The Ninth Circuit reiterated this position in *Pacific Press Publishing Ass'n* holding

that either the EEOC or the EEOC claimant may seek preliminary injunctive relief under 42 U.S.C. § 2000e–5(f)(2), the federal counterpart to A.R.S. § 41–1481(E). 535 F.2d at 1187.

■ We follow the federal precedent on this issue and hold that a person who has filed a claim with the Arizona Civil Rights Division and who is subject to a retaliatory employment action may, *prior* to receiving a right-to-sue letter, file a civil action in which preliminary injunctive relief is sought. The right-to-sue letter is not a jurisdictional prerequisite.

Respondent argues that Dawson's request for preliminary injunctive relief should have been denied because the "status quo" she sought to preserve is no longer available; that is, the "status quo" is her terminated status not her employed status. Respondent cites no authority for this interpretation for the meaning of "status quo", and in any event, we find it inappropriate. The "status quo" intended by the court in *Sheehan*, 676 F.2d at 879 n. 3, is obviously the restoration or continuation of the employee's status and treatment prior to a retaliatory employment action. Lastly, the request for reinstatement and protection from further retaliation was not untimely; less than two months passed between her termination and the filing of the complaint requesting injunctive relief. *Cf. Pacific Press Publishing*, 535 F.2d at 1186 (request for injunctive relief, filed two years after original charges, was too distant in time).

■ We therefore hold that a claimant can file a civil action and request preliminary injunctive relief prior to receipt of the right-to-sue letter from the Arizona Civil Rights Division. The claimant is, of course, required to meet the usual criteria for issuance of the preliminary injunction. *See, e.g., Gutierrez v. Municipal Court*, 838 F.2d 1031, 1037–38 (9th Cir.1988), *vacated as moot*, —— U.S. ——, 109 S.Ct. 1736, 104 L.Ed.2d 174 (1989). *See also Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).

The case is remanded to the superior court for further proceedings not inconsistent with this opinion.

KLEINSCHMIDT, P.J., and FIDEL, J., concur.