260 P.3d 1085 (2011)
Donald R. BUEHLER, Petitioner/Appellant,
v.
The Honorable Robert RETZER ex rel. The INDUSTRIAL COMMISSION of Arizona, Respondent/Appellee.
No. 1 CA-CV 10-0202.
Court of Appeals of Arizona, Division 1, Department B.
June 23, 2011.
Donald R. Buehler, Prescott Valley, In Propria Persona Petitioner/Appellant.
Industrial Commission of Arizona By Rachel C. Morgan, Phoenix, Attorneys for Respondent/Appellee.

OPINION
JOHNSEN, Judge.
¶ 1 Donald R. Buehler appeals from the superior court's order dismissing his complaint against the Industrial Commission of Arizona ("ICA") for lack of jurisdiction. We hold a claimant may not appeal to the superior court from a procedural ruling issued in a workers' compensation proceeding, and therefore we affirm the superior court's order of dismissal.

*1086 FACTS AND PROCEDURAL BACKGROUND
¶ 2 Buehler filed workers' compensation claims stemming from injuries he contends he suffered in Yavapai County. The Administrative Law Judge ("ALJ") assigned to his case informed him that because of ICA budget constraints, his hearing would be held in Phoenix rather than Yavapai County.
¶ 3 Buehler filed a complaint in superior court that asserted the ALJ's decision to hold the hearing in Maricopa County violated Arizona Revised Statutes ("A.R.S.") section 23-941(D) (1995) and his rights to due process and equal protection. The superior court dismissed the complaint pursuant to Arizona Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and for failure to state a claim. We have jurisdiction of Buehler's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101(B) (2003).

DISCUSSION

A. Standard of Review.
¶ 4 "Subject matter jurisdiction is the power of a court to hear and determine a controversy." Grosvenor Holdings, L.C. v. Figueroa, 222 Ariz. 588, 594, ¶ 13, 218 P.3d 1045, 1051 (App.2009) (citation omitted). Whether the superior court had subject matter jurisdiction over Buehler's complaint is a question of law we review de novo. Mitchell v. Gamble, 207 Ariz. 364, 367, ¶ 6, 86 P.3d 944, 947 (App.2004). We also review de novo issues of statutory interpretation and application. Baker v. Dolphin Beach Rental & Mgmt., LLC, 224 Ariz. 523, 524, ¶ 6, 233 P.3d 636, 637 (App.2010).

B. The ICA and the Resolution of Workers' Compensation Claims.
¶ 5 The ICA is the state agency that administers and enforces laws and regulations related to employee health, safety and welfare. See A.R.S. § 23-107(A)(2) (Supp. 2010).[1] It promulgates rules and regulations, § 23-107(A)(1); investigates and prosecutes employer violations, §§ 23-927 to -929 (1995); and adjudicates workers' compensation claims, §§ 23-921(A) (1995), -930(A) (Supp. 2010), -941. In the course of its responsibilities, it issues "orders," see A.R.S. § 23-901(12) (Supp.2010), and "awards," see A.R.S. § 23-901(1). A party may obtain review of an order by commencing an action in superior court pursuant to A.R.S. § 23-946 (1995). Goodrich v. Indus. Comm'n of Ariz., 11 Ariz.App. 244, 247, 463 P.2d 550, 553 (1970). After pursuing administrative review, a party may obtain review of an award by filing a petition for special action in this court. Id.; see A.R.S. §§ 23-943(H) and 23-951 (1995).
¶ 6 A workers' compensation proceeding begins with the filing of a claim for compensation pursuant to A.R.S. § 23-1061(A) (Supp.2010). The employer or its insurance carrier then gives notice that it either has denied the claim or accepted it, and in the latter case, benefit payments begin. See A.R.S. § 23-1061(F), (G). Thereafter, "any interested party may file a request for a hearing concerning a claim." A.R.S. § 23-941(A). If a party requests a hearing, the ICA "shall refer the request for the hearing" to an ALJ "for determination as expeditiously as possible." A.R.S. § 23-941(C). Following the hearing, the ALJ "shall promptly. . . determine the matter and make an award in accordance with his determination." A.R.S. § 23-942(A) (1995). "`Award' means the finding or decision of an administrative law judge or the commission as to the amount of compensation or benefit due an injured employee or the dependents of a deceased employee." A.R.S. § 23-901(1).

C. Jurisdiction of Buehler's Appeal.
¶ 7 The ICA has yet to issue an award determining compensation in Buehler's case. As we have said, this appeal arises from Buehler's contention that the ALJ erred by setting a hearing on his claim in Phoenix rather than in Yavapai County, where he lives. Buehler argues the ALJ's *1087 ruling is appealable pursuant to A.R.S. § 23-946(A), which provides:
Any person in interest dissatisfied with an order of the [ICA] may within thirty days commence an action in the superior court of the county where the property, plant or place of employment affected by the order is located against the [ICA] as defendant to set aside, vacate or amend the order, on the ground that the order is unreasonable or unlawful, and the superior court shall have exclusive jurisdiction thereof.
¶ 8 Because § 23-946(A) allows a person in interest to appeal only an "order" of the ICA, the statute granted jurisdiction to the superior court in this case only if the ALJ's venue ruling was an "order."
¶ 9 Section 23-901(12) defines "order" as:
any rule, direction, requirement, standard, determination or decision other than an award or a directive by the commission or an [ALJ] relative to any entitlement to compensation benefits, or to the amount thereof, and any procedural ruling relative to the processing or adjudicating of a compensation matter.

A.R.S. § 23-901(12) (Supp.2010) (emphasis added). The ICA argues the ruling from which Buehler appeals is not an "order" within § 23-901(12) because it falls within an exception the statute provides for "any procedural ruling relative to the processing or adjudicating of a compensation matter." For his part, Buehler agrees that the ALJ decision at issue is a "procedural ruling relative to the processing or adjudicating of a compensation matter." But contrary to the ICA, Buehler argues § 23-901(12) includes such a ruling within the definition of "order."
¶ 10 Section 23-901(12) provides that "order" means "any . . . decision" "other than" certain specified categories of decisions. It plainly excludes from the definition of "order" "an award or directive . . . relative to any entitlement to compensation benefits, or to the amount thereof." The question is whether the exception language ("other than") also applies to the final phrase ("and any procedural ruling relative to the processing or adjudicating of a compensation matter"). While the statute is not a model of clarity, we conclude it excludes from the definition of "order" "any procedural ruling relative to the processing or adjudicating of a compensation matter."
¶ 11 When we interpret a statute, we try "to give effect to the intent of the legislature." Ballesteros v. Am. Standard Ins. Co. of Wis., 226 Ariz. 345, 347, ¶ 7, 248 P.3d 193, 195 (2011) (citation omitted). "To ascertain intent, we examine the words of the statutes at issue, `the polic[ies] behind the statute[s] and the evil[s] [that they were] designed to remedy.'" In re Estate of Winn, 214 Ariz. 149, 151, ¶ 8, 150 P.3d 236, 238 (2007) (quoting Calvert v. Farmers Ins. Co. of Ariz., 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985)).
¶ 12 Prior to 1969, an ICA "order" was defined to "mean[ ] and include[ ] any rule, regulation, direction, requirement, standard, determination or decision of the [ICA]." A.R.S. § 23-901(7) (Supp.1968); see Meva Corp. v. Indus. Comm'n of Ariz., 15 Ariz. App. 20, 23, 485 P.2d 844, 847 (1971). By an amendment effective January 1, 1969, the legislature added the "other than" phrase that now appears in the statute. 1968 Ariz. Sess. Laws, ch. 6, § 11 (4th Spec. Sess.).[2]
¶ 13 In a statement not necessary to the result of the case, this court has commented that in enacting the 1969 amendment, the legislature meant to exclude from the definition of "order" "an award or a directive by the commission or a hearing officer relative to any entitlement to compensation benefits, or to the amount thereof, and any procedural ruling relative to the processing or adjudicating of a compensation matter." Goodrich, 11 Ariz.App. at 247, 463 P.2d at 553. Although no appellate court has yet decided the issue, other decisions seem to imply the same result. See Raban v. Indus. Comm'n of Ariz., 25 Ariz.App. 159, 162, 541 P.2d 950, 953 (1975) (A.R.S. § 23-945 (1995), which allows administrative review of any ICA "order," applies to "orders of the [ICA] relating to administrative functions within the various *1088 branches of the department, and not to the processing or adjudicating of workmen's compensation matters by a hearing officer"); Meva, 15 Ariz.App. at 24, 485 P.2d at 848 (decision requiring workers' compensation claimant to submit to medical evaluation was an "award").
¶ 14 Logic and common sense support this conclusion. The statute begins with the proposition that, with certain specified exceptions, "any rule, direction, requirement, standard, determination or decision other than an award" is an "order." Given the breadth of the statute's initial phrase, there would be no need for the legislature to add the reference to "any procedural ruling relative to the processing or adjudicating of a compensation matter" if it intended to specify that such a "procedural ruling" was an "order." Put differently, given that the premise of the statute is that "any . . . decision" by the ICA (with specified exceptions) is an "order," there would be no reason thereafter to list a specific category of "decisions" by the ICA that are included within the definition. The purpose of the phrases that follow the opening phrase of the statute is to specify exceptions to the broadly worded opening phrase, not to specify rulings that are within that phrase.
¶ 15 This interpretation also is consistent with the general scheme the legislature has established for review of ICA decisions. As noted, after administrative review, parties may obtain review of compensation awards only by filing a petition with this court. A.R.S. §§ 23-943(H) and 23-951. Buehler offers no logic, nor are we able to discern any, for his contention that even though the superior court has no jurisdiction over a workers' compensation award, the legislature intended to grant the superior court jurisdiction over a procedural ruling issued in a workers' compensation proceeding.[3]

CONCLUSION
¶ 16 Because the ALJ's ruling setting Buehler's hearing for Phoenix is not an "order" within the meaning of A.R.S. § 23-901(12), the ruling is not subject to appeal to the superior court pursuant to A.R.S. § 23-946(A). Accordingly, we affirm the superior court's order dismissing Buehler's complaint for lack of jurisdiction.
CONCURRING: DONN KESSLER, Presiding Judge and SHELDON H. WEISBERG, Judge.
NOTES
[1] Although this statute was amended after the relevant date, the revisions are immaterial to the disposition of this appeal. Thus, we cite to the current published version of the statute.
[2] The legislature also has made a handful of other nonsubstantive changes to the statute since 1969.
[3] A workers' compensation claimant who wishes to contest an ALJ's decision on a preliminary matter such as venue may file a petition for special action to this court pursuant to A.R.S. § 23-948 (1995) or -951. See Miceli v. Indus. Comm'n of Ariz., 135 Ariz. 71, 73, 659 P.2d 30, 32 (1983) (exercising special action jurisdiction pursuant to A.R.S. § 23-948); Meva, 15 Ariz. App. at 24, 485 P.2d at 848 (interlocutory ruling in ICA claim proceeding reviewable pursuant to § 23-951).