NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

MAYA BELLAPIANTA, *Appellant,*

*v.*

ARIZONA STATE VETERINARY MEDICAL EXAMINING BOARD,
*Appellee.*

No. 1 CA-CV 24-0109
FILED 01-09-2025

———————————————

Appeal from the Superior Court in Maricopa County
No. LC2023-000405-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

———————————————

COUNSEL

Mitchell |Stein |Carey |Chapman, PC, Phoenix
By Flynn P. Carey, Molly Brizgys
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Marc H. Harris, Casey Hutchinson
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge  D. Steven Williams joined.

_____

**C R U Z**, Judge:

¶1             Dr. Maya Bellapianta ("Bellapianta") appeals from the superior court's judgment dismissing her appeal of an Arizona State Veterinary Medical Examining Board ("Board") interim order.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2             In August 2023, a veterinary practice in Missouri, that Bellapianta had applied to work for, inquired into her licensure status due to concerns regarding her behavior.  Bellapianta had exchanged text messages with the hiring veterinarian over plans to visit the practice.  When asked if she had booked her flight yet, Bellapianta responded "On a flea."  Then Bellapianta switched the conversation to motorcycles.  The hiring veterinarian said "[My motorcycle] is not running at present. I need to replace the start switch."  Bellapianta responded, "Probably best," "Why didn't you do that," "Too much pussy."

¶3             When the Board received information about the correspondence with the Missouri veterinary practice, it opened the case at issue in this appeal against Bellapianta.  The Board issued an interim order requiring Bellapianta "undergo and successfully complete an updated comprehensive psychological and substance abuse evaluation."  At the time, Bellapianta had additional pending cases with the Board stemming from other complaints involving arriving at a client's home allegedly intoxicated, being hospitalized for an overdose on controlled substances she obtained from her mobile vet unit, and driving under the influence of an intoxicating substance.  The interim order resulting from the most recent allegations also required Bellapianta to provide a copy of the interim consent agreement for those other cases to the healthcare professional completing the evaluation in the instant matter.

¶4             Bellapianta challenged the Board's interim order by filing a petition for rehearing or review, which the Board denied.  Bellapianta then

sought to appeal the interim order to the superior court. In response, the Board filed a motion to dismiss and the superior court granted the same.

**¶5** Bellapianta timely appeals from the entry of a final judgment under Rule 54(c). We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6** "We review the grant of a motion to dismiss de novo." *Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 420, ¶ 10 (2022). "Subject matter jurisdiction is the power of a court to hear and determine a controversy." *Buehler v. Indus. Comm'n*, 227 Ariz. 520, 521, ¶ 4 (App. 2011). We review whether the superior court had subject matter jurisdiction de novo. *Id.* Likewise, "[w]e review constitutional issues, including an alleged violation of due process, de novo." *Wassef v. Ariz. State Bd. of Dental Exam'rs*, 242 Ariz. 90, 93, ¶ 11 (App. 2017).

I.    Interim Order

**¶7** Bellapianta argues the superior court erred in dismissing her putative appeal to that court for lack of jurisdiction because the interim order should be considered a final decision by the Board. Bellapianta reasons the interim order is a final decision because the interim order was a "proceeding within a proceeding. . .that terminated once the Board denied Dr. Bellapianta's Motion for Rehearing or Review."

**¶8** Any party aggrieved by the Board's final order or decision may appeal to the superior court under the Judicial Review of Administrative Decisions Act ("JRADA"). A.R.S. § 32-2234(I). As applicable here, JRADA governs "every action to judicially review a *final decision* of" the Board. A.R.S. § 12-902(1) (emphasis added). An "administrative decision" is defined as "any decision, order or determination of an administrative agency that is rendered in a case, that affects the legal rights, duties or privileges of persons and that terminates the proceeding before the administrative agency." A.R.S. § 12-901(2). JRADA allows for judicial challenge to "a final administrative decision." A.R.S. § 12-904(A).

**¶9** The Board issued the interim order, requiring Bellapianta to "undergo and successfully complete an updated comprehensive psychological and substance abuse evaluation," pursuant to A.R.S. § 32-2234(B), (C). Section 32-2234(B) allows the Board to require a licensee who is under investigation to undergo any combination of medical, physical, or

mental examinations that the board finds necessary to determine the licensee's condition at the licensee's expense. Likewise, A.R.S. § 32-2234(C) allows the Board, upon receipt of an allegation of drug or alcohol abuse, to require a licensee who is under investigation to undergo testing or examination to detect the presence of alcohol or other drugs at the licensee's expense.

¶10        The interim order issued by the Board here requires the examination reports to "opine on Respondent's ability to safely and competently practice veterinary medicine, and include results of drug testing ordered by the evaluator. . ." The interim order also states "[t]his is an Interim Order and not a final decision by the Board regarding any pending investigation. As such, it is subject to modification and further consideration by the Board."

¶11        The interim order did not terminate the proceedings before the Board as is required to be a final administrative decision subject to judicial review. *See* A.R.S. §§ 12-901(2); -904(A). The interim order dictates a request to comply with an investigatory tool to further the proceeding before the Board not terminate the proceeding. *See* A.R.S. § 32-2234(B), (C). The interim order is not a final administrative decision and therefore is not appealable. *See* A.R.S. § 32-2234(I). The superior court did not err when it granted the Board's motion to dismiss for lack of jurisdiction.[1]

II.    Due Process

¶12        Bellapianta argues that due process requires she be able to appeal the Board's interim order. "[S]ome form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "The State is authorized to protect the public health and welfare by regulating those who practice a profession." *Dahnad v. Buttrick*, 201 Ariz. 394, 398, ¶ 14 (App. 2001). "[A] licensee has a property interest in his or her license, and the State must afford due process before it can curtail that right." *Wassef*, 242 Ariz. at 93, ¶ 12 (App. 2017).

---

[1]    The Board argues the superior court also properly dismissed Bellapianta's appeal pursuant to the exhaustion of administrative remedies doctrine. Because Bellapianta has not completed the Board's statutorily authorized process resulting in a final administrative decision, Bellapianta has not exhausted her administrative remedies. *See Mills* 253 Ariz. at 420, ¶ 11 ("A litigant must exhaust a statutorily prescribed administrative remedy before seeking judicial relief from actual or threatened injuries.").

¶13 Bellapianta relies on *Mathews v. Eldridge* to argue that a consideration of the private interest affected by the Board's action, the government's interest, and the risk of an erroneous deprivation of such interest through the procedures used, show she has a due process right to appeal the interim order. *See* 424 U.S. at 335. But *Mathews* neither supports nor addresses the argument that a due process right to appeal exists where no statutory right to appeal exists. 424 U.S. at 348-49. In *Mathews*, the United States Supreme Court considered whether the administrative procedures to terminate a recipient's Social Security disability benefits fulfilled due process requirements. 424 U.S. at 333. The Court concluded the administrative procedures, which allowed the benefits recipient to seek reconsideration and an evidentiary hearing after the termination of benefits as well as allowed for the appeal of an adverse decision, fully comported with due process requirements. 424 U.S. at 335-339, 349.

¶14 In this case, the property interest at risk of being curtailed, and that requires due process protections prior to termination, is Bellapianta's veterinary license. As previously stated, the interim order requesting Bellapianta undergo a psychological and substance abuse evaluation is an investigatory tool to aid the Board in determining her condition. A.R.S. § 32-2234(B), (C). If the Board determines, based on the investigation, that disciplinary action be taken, Bellapianta would be afforded an adjudicative hearing with due process protections. A.R.S. § 32-2234(A). Further, Bellapianta could have sought special action relief if she thought there was a due process violation prior to a final administrative decision. *See* Ariz. R.P. Spec. Act. 1. Therefore, Bellapianta was not deprived of due process rights when the superior court dismissed her appeal for lack of jurisdiction.

## CONCLUSION

¶15 We affirm.

